UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
AUG 2 3 2002
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| CAPITOL INDEMNITY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:01-CV-933 (CEJ) |
| ) | |
| 1405 ASSOCIATES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on plaintiff's motion for summary judgment. Defendants oppose the motion and the issues are fully briefed.

**I. Background**

Defendant 1405 Associates, Inc. (1405) owns and operates a residential property known as the Ford Hotel. Defendant Ranbir Bajwa is the president of 1405 Associates. Plaintiff Capitol Indemnity Corporation (Capitol) provides commercial insurance to 1405. Ford Hotel's manager, Regina Delaney, left her employment on September 11, 2000. Defendants reported to the police that Delaney had not turned over all the rent receipts and she was subsequently arrested. Thereafter, Delaney filed suit in state court against 1405 and Bajwa. Capitol undertook the defense of 1405 and Bajwa in Delaney's action while reserving its rights to disclaim coverage. Capitol filed this action in federal court, seeking a declaration that, based upon exclusions in the insurance policies, it has no obligation to defend or indemnify 1405 and Bajwa.

Capitol issued a Commercial General Liability (CGL) policy to 1405.  Among the coverages provided are "Coverage A: Bodily Injury and Property Damage Liability" and "Coverage B: Personal and Advertising Injury Liability."[1]  While Delaney's claims against defendants arguably are covered under one or both of these coverages, Capitol contends that the "Employment-Related Practices Exclusion" applies to bar coverage.  Defendants counter that the exclusion does not apply because the events giving rise to Delaney's suit occurred after she left her employment.

**II.  Discussion**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.

---

[1] Coverage A covers the insured's damages resulting from bodily injury to a person caused by an "occurrence." "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Coverage B covers the insured's damages resulting from another's "personal and advertising injury," which includes injury arising from false arrest or imprisonment or slander.

1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

Missouri law, which is applicable to this diversity case, construes insurance policies in favor of the insured. Standard Artificial Limb, Inc. v. Aliianz Insurance Co., 895 S.W.2d 205, 209 (Mo. Ct. App. 1995). Policy exceptions and limitations are to be strictly construed against the insurer. Id. A liability insurer's duty to defend its insured is determined by comparing the provisions of the liability policy with the allegations of the complaint filed against the insured. Superior Equipment Co., Inc. v. Maryland Casualty Co., 986 S.W.2d 477, 481 (8th Cir. 1998). If the complaint alleges facts which state a claim arguably within the policy's coverage, the insurer has a duty to defend. Id.

Furthermore, the presence of some potentially insured claims in the complaint gives rise to the duty to defend even though claims beyond the scope of coverage may also be present.  Id.

Delaney's state-court action against 1405 and Bajwa asserts claims of false arrest, false imprisonment, unjust enrichment, wrongful termination, slander, and violation of the Fair Labor Standards Act.  In her second amended petition, Delaney alleged that before leaving her employment, defendants accused her of theft and of mishandling money.  She also alleged that defendants asked her to file false reports of burglary, and constructively discharged her when she refused.  In addition, Delaney alleged that she expended $20,000 of her own money to meet the daily management requirements.  Furthermore, she claimed she was owed overtime compensation in excess of $43,000.  Delaney finally alleged that defendants made false accusations against her to Ford Hotel residents, the police, and to insuring authorities.

The Employment-Related Practices Exclusion provides as follows:

> This insurance does not apply to:
> "Bodily injury" to:
> (1) A person arising out of any:
> (a) Refusal to employ that person;
> (b) Termination of that person's employment; or
> (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, humiliation or discrimination directed at that person.
>
> * * *

> This exclusion applies . . . [w]hether the insured may be liable as an employer or in any other capacity. . .

Other courts reviewing substantially similar exclusions have concluded that the exclusion "broadly covers virtually any claim arising out of the employment relationship between" the insured and its employee. See, e.g., Old Republic Ins. Co. v. Comprehensive Health Care Assoc., Inc., 2 F.3d 105, 109 (5th Cir. 1993)(insurer had no duty to defend employer against tort claims brought by former employees); International Brotherhood of Elec. Workers Local 1357 v. American Int'l Adjustment Co., Inc., 955 F. Supp. 1218 (D.C. Haw. 1997) (same), aff'd, 142 F.3d 443 (9th Cir. 1998). Defendants' contention that the exclusion does not apply because their alleged wrongful acts occurred after Delaney's separation from employment is unavailing because the incidents of which she complains flow directly from the employment relationship.

Delaney's claims against defendants fall outside the CGL coverage for additional reasons: Coverage A, applicable to "bodily injury," requires an "occurrence," which is defined as "an accident." Delaney accuses defendants of intentional, not accidental, conduct. Similarly, the relevant provisions of Coverage B, applicable to "personal and advertising injury," expressly exclude coverage for personal injury (1) caused by the insured with knowledge that the act would violate the rights of another; (2) arising out of oral or written publication of material with knowledge of its falsity; (3) arising out of a criminal act committed by the insured; and (4) arising out of breach of

contract. The plaintiff's claims of false arrest/imprisonment, wrongful termination, defamation, and unjust enrichment are all subject to these exclusions.

The Court concludes that plaintiff Capitol Indemnity Corporation has no duty under the Commercial General Liability policy to defend defendants 1405 Associates, Inc. and Ranbir Bajwa in the state court action brought by Regina Delaney. Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff Capitol Indemnity Corporation for summary judgment [Doc. #14] is **granted**.

A separate judgment in accordance with this memorandum and order is entered this same date.

*/s/ Carol E. Jackson*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2002.

UNITED STATES DISTRICT COURT EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 08/23/02 by pdalziel
                4:01cv933     Capitol Indemnity vs 1405 Associates, Inc

28:1332 Diversity-Insurance Contract

```
Christopher Bent -  85151         Fax: 314-236-4981
Russell Watters  -   4653         Fax: 314-421-3128
```

SCANNED & FAXED BY:

AUG 23 2002

**MJM**